**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS and BEVERLY HANSEN,
and AMY LYNN MULLINS, *on*
*behalf of themselves and all others*
*similarly situated*,

        Case No.:

        Plaintiffs,

v.

        **JURY TRIAL DEMANDED**

RESURGENT CAPITAL SERVICES,
L.P., *a Delaware limited partnership*,
PYOD, LLC, *a foreign limited*
*liability company*, and
LVNV FUNDING, LLC, *a foreign*
*limited liability company*.

        Defendants.

_____/

## CLASS ACTION COMPLAINT

COME NOW, Plaintiffs, THOMAS and BEVERLY HANSEN (hereinafter, "Hansen Plaintiffs"), and AMY LYNN MULLINS (hereinafter, "Plaintiff Mullins") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through the undersigned counsel, and sue Defendants, RESURGENT CAPITAL SERVICES, L.P. (hereinafter, "Resurgent"), PYOD, LLC (hereinafter, "PYOD"), and LVNV FUNDING, LLC (hereinafter, "LVNV") (collectively, "Defendants"). In support thereof, Plaintiffs allege:

### PRELIMINARY STATEMENT

1.    This is a class action brought pursuant to Rule 23, Federal Rules of Civil Procedure, against Defendants for their routine and systematic violations of the Fair Debt Collection Practices Act, 15 United States Code., Section 1692 *et seq*. ("FDCPA").

2.      Specifically, Defendants routinely and systematically attempt to collect consumer debts via unlawful proofs of claim, as more specifically alleged herein.  These proofs of claim improperly and illegally:

    a.      Use false, deceptive and misleading representations to collect debts from Plaintiffs and Class Members, namely by collecting time-barred debts that have expired statutes of limitations; and,

    b.      Collect Debts from Plaintiffs and Class Members using unfair and unconscionable means by attempting to use the courts to collect the debts when the debts are beyond the statute of limitations; while Defendants fail to disclose this fact in the proofs of claim and yet use the Bankruptcy court and the proofs of claim to nonetheless collect the time-barred debts.

## JURISDICTION, VENUE & PARTIES

3.      This Court has jurisdiction pursuant to 15 United States Code, Section 1692k(d) and 28 United States Code, Section 1331.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

4.      Plaintiffs Thomas and Beverely Hansen currently reside in Suffolk County, New York.

5.      Plaintiff Mullins is a resident of Hillsborough County, Florida.  Plaintiff Mullins was formerly known as Amy Lynn Charles.

6.      Resurgent is a Delaware limited partnership with its principal place of business located at 15 S. Main Street, Suite 600, Greenville, South Carolina 29601.  Resurgent regularly conducts business in the state of Florida and also within this Judicial District.

2

7.    Resurgent's principal business is the collection of debts using the mails and telephone, and Resurgent regularly attempts to collect debts alleged to be due to another.

8.    Upon information and belief, Resurgent acts as the master servicer for charged-off debts owned by others.  According to Resurgent's website, "Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers."  In many cases, Resurgent "may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

9.    PYOD is, upon information and belief, a Delaware limited liability company with its principal place of business located at 625 Pilot Road, Suite 5, Las Vegas, Nevada, 89119.  PYOD regularly conducts business in the state of Florida and also within this Judicial District.

10.    PYOD is a debt buyer, buying defaulted consumer debts from creditors for further collection.  Upon information and belief, PYOD is a sister organization, under common ownership and control of Sherman Financial Group, LLC, Sherman Acquisition, and LVNV Funding, LLC.

11.    LVNV is a Delaware limited liability company with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, Nevada, 89119.  LVNV regularly conducts business in the state of Florida and also within this Judicial District.

12.    LVNV is a debt buyer, purchasing portfolios of defaulted consumer debt owned by credit grantors including banks and finance companies, and from other debt buyers, and then outsources the management and collection of such purchased assets to Resurgent.

13.    Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3

## FACTUAL ALLEGATIONS

14.     At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by 15 United States Code, Section 1692a(3).

15.     At all material times herein, Defendants are each a "debt collector" as defined by 15 United States Code, Section 1692a(6). *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (finding that buyers of defaulted debts are unequivocally debt collectors under the FDCPA.)

16.     Defendants used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

### *The Hansen Plaintiffs' Bankruptcy Case, Debt and Proof of Claim No. 15*

17.     On or about October 10, 2012, the Hansen Plaintiffs filed a Chapter 13 bankruptcy case in the Middle District of Florida, Tampa Division, Case No.: 8:12-bk-15400-CPM (herein, "Hansen Bankruptcy Case").

18.     At all material times herein, Defendants attempted to collect a debt from the Hansen Plaintiffs and their joint disposable income, specifically a balance allegedly due for purchases on a Plains Commerce Bank consumer credit card identified by an account number ending in – XXXX8173 (herein, the "Hansen Debt").

19.     On or about January 28, 2013, PYOD, by and through its account servicer, Resurgent, filed an unsecured proof of claim, Claim No. 15, in the amount of $518.50 (herein, the "Proof of Claim No. 15") in an attempt to collect the Hansen Debt through the Hansen Bankruptcy Case.

20.     The account detail attached to the Defendants' Proof of Claim No. 15 states for the Hansen Debt that the "Current Creditor" is "PYOD LLC its successors and assigns as assignee of Plains Commerce Bank." This account detail also states that Hansen Debt was "Purchased by

4

Creditor" from "Plains Commerce Bank." The account detail indicates that the Hansen Debt was "Charged off by orginal creditor" on April 30, 2007. *Please see* attached a true and correct copy of Defendants' Proof of Claim No. 15 labeled **Exhibit A.**

21.     Despite "Last Activity Date" being required reporting under 15 United States Code, Section 1681 et seq., the "Fair Credit Reporting Act" and being readily available in Hansen Plaintiffs' credit reports, Defendants purposefully and intentionally omitted this information from the face of the Defendants' Proof of Claim and other proofs of claim filed in Florida Bankruptcy Courts.

22.     The Hansen Plaintiffs' last payment on the Hansen Debt, not including any payments through Hansen Bankruptcy Case, occurred on or before April 30, 2007.

23.     The Hansen Plaintiffs defaulted on their Debts on or before April 30, 2007.

24.     Subsequent to April 30, 2007, the Hansen Plaintiffs did not agree in writing to make payment on the Hansen Debt.

25.     As such, the any legal right for anyone to collect on the Hansen Debt is barred by the applicable statute of limitations. Pursuant to Florida Statutes, Section 95.11(2)(b), for example, the statute of limitations for collecting a credit card debt in the state of Florida is at most five years from the default on the debt.

26.     The statute of limitations for the Hansen Debt expired prior to Defendant's filing of Defendant's Proof of Claim No. 15, and Defendants knowingly attempted to collect a debt that was past any possible statute of limitations for the collection of such a debt by filing such a proof of claim in the Hansen Bankruptcy Case.

27.     On October 16, 2013, the Hansen Plaintiffs objected to the Defendant's Proof of Claim in part on the basis that the Proof of Claim was barred by the applicable statute of limitations.

28.     On September 24, 2014, Bankruptcy Judge Catherine Peek McEwen sustained Plaintiff Hansen's objection to Proof of Claim No. 15. *Please see* attached a true and correct copy of the Bankruptcy Court Order Sustaining Plaintiff Hansen's Objection to the Defendants' Proof of Claim No. 15 labeled **Exhibit B**.

29.     Defendants' Proof of Claim No. 15, as filed by Defendants, was an attempt to collect the Plaintiff Hansen's Debt well past the statute of limitations for collection of the debt. *See generally* **Exhibit A**. Until the Court's order sustaining Plaintiff's objection to Defendant's proof of claim, Defendant was continuing to attempt to collect Plaintiffs' Debt.

30.     At all material times herein, the Hansen Debt was a consumer debt, an obligation resulting from transactions for goods or services and was incurred primarily for personal, household or family use.

31.     Defendants received the Hansen Debt for collection—and at all times herein collected the Debts—after the Debts were in default.

32.     At all material times herein, Defendants' conduct, with regard to the Plaintiff Hansen's Debt and Defendants' Hansen Proof of Claim No.15 complained of herein, qualifies as "communication" as defined by 15 United States Code, Section 1692a(2).

33.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

34.    All necessary conditions precedent to the filing of this action occurred or has been waived by Defendants.

### *Mullins Bankruptcy Case, Debt and Proof of Claim No. 15*

35.    On or about June 13, 2013, Plaintiff Mullins filed a Chapter 13 bankruptcy case in the Middle District of Florida, Tampa Division, Case No.: 8:13-bk-07786-CED (herein, "Mullins Bankruptcy Case").

36.    At all material times herein, Defendants attempted to collect a debt from Plaintiff Mullins and her joint disposable income, specifically a balance allegedly due for purchases on a consumer credit card identified by account numbers ending in –XXXX1140 and (herein, the "Mullins GE Debt").

37.    On or about October 11, 2013, LVNV Funding LLC its successors and assigns as assignee of General Electric Capital Corporation, by and through its account servicer, Defendant Resurgent, filed an unsecured proof of claim, Claim No. 15, in the amount of $844.73 (herein, the "Defendants' Mullins Proof of Claim No. 15") in an attempt to collect the Mullins GE Debt through the Mullins Bankruptcy Case.

38.    The account detail attached to the Defendants' Mullins Proof of Claim No. 15 states for the Mullins GE Debt that the "Current Creditor" is "LVNV Funding, LLC its successors and assigns as assignee of General Electric Capital Corporation." This account detail also states that Mullins GE Debt was "Purchased by Creditor" from "General Electric Capital Corporation." The account detail indicates that the Mullins Debt's "Last Transaction Date" was October 13, 2007, the "Last Payment Date" was October 1, 2007  and that the Mullins GE Debt was "Charged off by orginal creditor" on May 14, 2008. *Please see* attached a true and correct copy of Defendants' Mullins Proof of Claim No. 15 labeled **Exhibit C.**

39.     Despite "Last Activity Date" being required reporting under 15 United States Code, Section 1681 et seq., the "Fair Credit Reporting Act," and being readily available in Mullins credit reports, Defendants purposefully and intentionally omitted this information from the face of the Defendants' Mullins Proof of Claim No. 15 and other proofs of claim filed in Florida Bankruptcy Courts.

40.     Plaintiff Mullins' last payment on the Mullins GE Debt, not including any payments through Mullins Bankruptcy Case, occurred on or before May 14, 2008.

41.     Plaintiff Mullins defaulted on the Mullins GE Debt on or before May 14, 2008.

42.     Subsequent to May 14, 2008, Plaintiff Mullins did not agree in writing to make payment on the Mullins GE Debt.

43.     As such, the any legal right for anyone to collect on the Mullins GE Debt is barred by the applicable statute of limitations.  Pursuant to Florida Statutes, Section 95.11(2)(b), for example, the statute of limitations for collecting a credit card debt in the state of Florida is at most five years from the default on the debt.

44.     The statute of limitations for the Mullins GE Debt expired prior to Defendant's filing of Defendants' Mullins Proof of Claim No. 15, and Defendants knowingly attempted to collect a debt that was past any possible statute of limitations for the collection of such a debt by filing such a proof of claim in the Mullins Bankruptcy Case.

45.     On November 14, 2013, Plaintiff Mullins objected to the Defendants' Mullins Proof of Claim No. 15 in part on the basis that the Proof of Claim was barred by the applicable statute of limitations.

46.     On February 28, 2014, Bankruptcy Judge Michael G. Williamson sustained Plaintiff Mullins' objection to Defendants' Proof of Claim No. 15. *Please see* attached a true and

8

correct copy of the Bankruptcy Court Order Sustaining Plaintiff Mullins' Objection to the Defendants' Proof of Claim No. 15 labeled **Exhibit D**.

47.     Defendants' Mullins Proof of Claim No. 15, as filed by Defendants, was an attempt to collect Plaintiff Mullins' Debt well past the statute of limitations for collection of the debt. *See generally* **Exhibit C**. Until the Court's order sustaining Plaintiff's objection to Defendants' proof of claim, Defendants were continuing to attempt to collect the Mullins GE Debt.

48.     At all material times herein, the Mullins GE Debt was a consumer debt, an obligation resulting from transactions for goods or services and was incurred primarily for personal, household or family use.

49.     Defendants received the Mullins GE Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

50.     At all material times herein, Defendants' conduct, with regard to the Mullins Debt and Defendants' Mullins Proof of Claim No. 15 complained of herein, qualifies as "communication" as defined by 15 United States Code, Section 1692a(2).

51.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

52.     All necessary conditions precedent to the filing of this action occurred or has been waived by Defendants.

### *Mullins Bankruptcy Case, Debt and Proof of Claim No. 17*

53.     At all material times herein, Defendants attempted to collect a debt from Plaintiff Mullins and her disposable income, specifically a balance allegedly due for purchases associated with an account number ending in –XXXX4410 and (hereinafter the "Mullins Arrow Debt").

54.     On or about October 14, 2013, LVNV Funding LLC its successors and assigns as assignee of Arrow Financial Services, LLC, by and through its account servicer, Defendant Resurgent, filed an unsecured proof of claim, Claim No. 17, in the amount of $166.47 (herein, the "Defendants' Mullins Proof of Claim No. 17") in an attempt to collect the Mullins Arrow Debt through the Mullins Bankruptcy Case.

55.     The account detail attached to the Defendants' Mullins Proof of Claim No. 17 states for the Mullins Arrow Debt that the "Current Creditor" is "LVNV Funding, LLC its successors and assigns as assignee of Arrow Financial Services, LLC."   This account detail also states that Mullins Arrow Debt was "Purchased by Creditor" from "Arrow Financial Services, LLC."   The account detail indicates that the Mullins Debt's "Last Transaction Date" was January 21, 1997, the "Last Payment Date" was January 21, 1997, and that the Mullins Arrow Debt was "Charged off by orginal creditor" on January 3, 1997. *Please see* attached a true and correct copy of Defendants' Mullins Proof of Claim No. 17 labeled **Exhibit E.**

56.     Despite "Last Activity Date" being required reporting under 15 United States Code, Section 1681 et seq., the "Fair Credit Reporting Act," and being readily available in Mullins' credit reports, Defendants purposefully and intentionally omit this information from the face of the Defendants' Mullins Proof of Claim No. 17 and other proofs of claim filed in Florida Bankruptcy Courts.

57.     Plaintiff Mullins' last payment on the Mullins Arrow Debt, not including any payments through Mullins Bankruptcy Case, occurred on or before January 21, 1997.

58.     Plaintiff Mullins defaulted on the Mullins Arrow Debt on or before January 21, 1997.

59.     Subsequent to January 21, 1997, Plaintiff Mullins did not agree in writing to make payment on the Mullins Arrow Debt.

60.     As such, the any legal right for anyone to collect on the Mullins Debt is barred by the applicable statute of limitations. Pursuant to Florida Statutes, Section 95.11(2)(b), for example, the statute of limitations for collecting a credit card debt in the state of Florida is at most five years from the default on the debt.

61.     The statute of limitations for the Mullins Arrow Debt expired prior to Defendants' filing of Defendants' Mullins Proof of Claim No. 17, and Defendants knowingly attempted to collect a debt that was past any possible statute of limitations for the collection of such a debt by filing such a proof of claim in the Mullins Bankruptcy Case.

62.     On November 14, 2013, Plaintiff Mullins objected to the Defendants' Mullins Proof of Claim No. 17 in part on the basis that the Proof of Claim was barred by the applicable statute of limitations.

63.     On February 28, 2014, Bankruptcy Judge Michael G. Williamson sustained Plaintiff Mullins' objection to Proof of Claim No. 17. *Please see* attached a true and correct copy of the Bankruptcy Court Order Sustaining Plaintiff Mullins' Objection to the Defendants' Proof of Claim No. 15 labeled **Exhibit F**.

64.     Defendants' Mullins Proof of Claim No. 17, as filed by Defendants, was an attempt to collect the Mullins Arrow Debt well past the statute of limitations for collection of the debt. *See generally* **Exhibit E**. Until the Court's order sustaining Plaintiff Mullins' objection to Defendants' proof of claim, Defendants were continuing to attempt to collect the Mullins Arrow Debt.

65.     At all material times herein, the Mullins Arrow Debt was a consumer debt, an obligation resulting from transactions for goods or services and was incurred primarily for personal, household or family use.

66.     Defendants received the Mullins Arrow Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

67.     At all material times herein, Defendants' conduct, with regard to the Plaintiff Mullins Arrow Debt and Defendants' Mullins Proof of Claim No.17 complained of below, qualifies as "communication" as defined by 15 United States Code, Section 1692a(2).

68.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

69.     All necessary conditions precedent to the filing of this action occurred or has been waived by Defendants.

## CLASS ACTION ALLEGATIONS

70.     Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and all others, constituting a class defined as:

> All consumer debtors from whom Defendants have attempted or are continuing to attempt to collect a consumer debt by use of a proof of claim filed in a bankruptcy proceeding in the state of Florida for the purpose of collecting a consumer debt beyond the applicable statute of limitations for such debt, in violation of the FDCPA, where such improper collection activity took place or is continuing to take place within a one-year period of time prior to the filing of this Complaint up through and including the present date (hereinafter, the "Class Members" or "Class").

Excluded from the Class are all directors, officers, agents, and employees of Defendants and the courts to which this case may be assigned. Also excluded from the Class are the Judge, members

of the Judge's staff, and the Judge's immediate family members.

71.     Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and all others, constituting a sub-class defined as:

> All consumer debtors who are members of the Class and who by virtue of Defendants' improper conduct in collecting or attempting to collect time barred debts incurred actual damages, either through paying the debt or who incurred attorneys' fees or costs in objecting to the proofs of claim regarding the debts, within a one-year period of time prior to the filing of this Complaint up through and including the present date (hereinafter, the "Sub-Class Members" or "Sub-Class").

Excluded from the Sub-Class are all directors, officers, agents, and employees of Defendants and the courts to which this case may be assigned.  Also excluded from the Sub-Class are the Judge, members of the Judge's staff, and the Judge's immediate family members.

72.     The Class Members and the Sub-Class Members at times herein shall collectively be referred to as "Class Members" or "Classes."

73.     All recipients of the proofs of claim, namely the Class Members, are victims of the same improper conduct and unlawful demands of Defendants.

74.     The number of potential Class Members is undetermined at this time, but can readily be determined from Defendants' books and records as well as the public records.  In light of the number of defaulted consumer debts included in bankruptcy filings across the state of Florida over the past several years and the number consumer debts Defendants buy and collect throughout the state of Florida, the Classes most likely have thousands of members.

75.     Defendants' proofs of claim:

> a.      are false, deceptive, and misleading representations and means in the collection of Plaintiffs' and Class Members' respective debts by collecting a debt that is beyond the applicable statute of limitations for the debts; and

b.     are unfair or unconscionable means of collecting Plaintiffs' and Class Members' respective debts by collecting debts in an unauthorized amount and that are beyond the applicable statute of limitations for the debt.

76.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

a.     Each Class consists of likely thousands of persons, so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law and fact common to all Class Members relating to Defendants' actions relative to the proofs of claim, which questions predominate over any question affecting only individual Class Members, including:

i.     Whether Defendants used false, deceptive, or misleading means or representations in its collection of the debts from Plaintiffs and Class Members;

ii.     Whether Defendants used unfair or unconscionable means in its collection of the Debt from Plaintiffs and Class Members;

iii.     Whether Plaintiffs' and Class Members' Debts were beyond the applicable statute of limitations when Defendants or any of them filed a proofs of claim in Plaintiffs' or Class Members' bankruptcy proceedings in an attempt to collect the debts from Plaintiffs and Class Members;

iv.     Whether Plaintiffs and Class Members are entitled to statutory damages as a result of Defendants' unlawful debts collection practices described herein and in what amount;

v.     Whether Plaintiffs and Class Members are entitled to actual

14

damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

vi.      Whether Plaintiffs and Class Members are entitled to costs and attorneys' fees in bringing this action, and if so, in what amount; and

vii.      Whether Plaintiffs and Class Members are entitled to declaratory relief.

77.     Defendants have acted, or have refused to act, on grounds generally applicable to Class Members in that they have engaged in a routine and systematic course of conduct, namely the utilization of proofs of claim which use false and deceptive means in collecting debts and, through unfair or unconscionable representations or means collect time-barred debts from Plaintiffs and Class Members.

78.     Declaratory relief is appropriate with respect to the Class Members as a whole as a result of Defendants' routine and systematic course of conduct.

79.     Plaintiffs' claims are typical of the claims of the proposed Class Members, given the uniform nature and use of the proofs of claim and the common legal and factual issues of whether the drafting and filing of the proofs of claim in Plaintiffs' and Class Members' respective bankruptcy cases in an attempt to collect time-barred debts violates the FDCPA.

80.     More specifically, the proofs of claim can be analyzed to assess whether Defendants either (a) used false and deceptive means to collect the debts by filing proofs of claim in an attempt to collect debts beyond the applicable statute of limitations for the debt or (b) attempted to collect debts from Plaintiffs and Class Members in an unfair and unconscionable manner by filing those proofs of claim in an attempt to collect debts beyond the applicable statute of limitations for the debt, in violation of Plaintiffs' and Class Members' rights under the FDCPA.

81.     Plaintiffs are members of the Classes and are committed to prosecuting this action. Plaintiffs have gathered and reviewed all relevant documents necessary for filing this case and will continue to proactively participate in this class litigation and committed to thoroughly reviewing documents, asking questions and following the counsel of their lawyers for the benefit of the Classes they seeks to represent. Plaintiffs will fairly and adequately protect the interests of Class Members.

82.     Adjudication of this case on a class-wide basis is manageable by this Court. The proofs of claim were received by the Plaintiffs and Class Members throughout the state of Florida. The proofs of claim, and Plaintiffs' and Class Members' rights as they relate to the proofs of claim, are the same or are so similar as to be legally and factually indistinguishable in all material aspects. As a result, it will not be difficult for the Court or jury to determine whether Defendant has violated the FDCPA. This Court is an appropriate forum for this dispute.

83.     Plaintiffs have retained as counsel attorneys that are competent and experienced in consumer, class action, and complex litigation. More specifically, Plaintiffs have retained a firm with attorneys having specific experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspects of class action litigation as well as significant experience in handling bankruptcy matters, including one member who is board certified in consumer bankruptcy law. Plaintiffs' and Class Members' counsel will fairly and adequately represent Plaintiffs and the interests of the Class Members.

84.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

      a.     given the size of the proposed Classes, individual joinder of each Class Member's FDCPA claims is impracticable;

b.      given the relatively small damages—both statutory and actual—suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their federal and state rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c.      when Defendants' liability has been adjudicated, claims of all Class Members can be determined by the Court;

d.      this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e.      other available means of adjudicating the claims of Plaintiffs and Class Members—likely thousands of individual actions brought separately and pursued independently in courts throughout the state of Florida—are impracticable and inefficient;

f.      without a class action, Class Members will continue to suffer damages and Defendants' violations of law will proceed without remedy while they continue their unlawful debt collection activities; and

g.      this action presents no difficulties that would preclude management by the Court as a class action.

85.     In the case of any action, 15 U.S.C., Section 1692k provides for the award of up to $1,000.00 statutory damages.

86.     In the case of a class action, 15 U.S.C., Section 1692k provides such amount as the court may allow for all other Class Members, without regard to minimum individual recovery, up to the lesser of $500,000 or 1 percent of each Defendant's net worth, as well as an award of

attorneys' fees and costs should Plaintiffs prevail in this matter.

**COUNT ONE**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e, e(2)(A) and e(10)**

87.     Plaintiffs re-allege paragraphs one (1) through eighty-six (86), as if fully restated herein and further state as follows:

88.     Defendants are subject to, and have violated the provisions of, 15 United States Code Section 1692e, e(2)(A) and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debts.

89.     Specifically, the proofs of claim falsely represent the total amount of Plaintiffs' and Class Members' respective debts by including amounts due in the debts and proofs of claims that were beyond the applicable statutes of limitation and incapable of lawful collection through court. Defendant's actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiffs and Class Members into paying debts that were otherwise time-barred.

90.     Further, the act of filing proofs of claim that do not advise Plaintiffs and Class Members of the "last activity date" or "last payment date", despite such information being a required reporting item by the Fair Credit Reporting Act and being readily available, is a deceptive and misleading representation or means of collecting a debt, implying that such information is either not available or not necessary for evaluating such proofs of claim.  Such implication and conduct is false and misleading.

91.     Overall, Defendants' above-referenced actions constitute the use of false, deceptive, and/or misleading representations or means in attempting to collect Plaintiffs' and Class Members' respective debts.

92.     As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by and provided for under 15 United States Code,

Section 1692k; Sub-Class Members have also incurred actual damages from paying such unlawful debts and/or incurring costs and legal fees to deal with such unlawfully filed proofs of claims in their respective bankruptcy cases.

**COUNT TWO**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692f and f(1)**

93.     Plaintiffs re-allege paragraphs one (1) through eighty-six (86), as if fully restated herein and further state as follows:

94.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692f and f(1) by attempting to collect the debts through an unfair and unconscionable means and in amounts not permitted by law by filing proofs of claim in Florida Bankruptcy courts on debts that are outside of the statute of limitations.

95.     Specifically, Defendants intentionally asserted as due, owing and collectable from Plaintiffs and Class Members, debts, via proofs of claim, that were beyond the time period allowed for lawful collection under the applicable statute of limitations.

96.     The effect of filing proofs of claims in an attempt to collect debts that were facially beyond the time period allowed for lawful collection under the applicable statutes of limitations —without disclosure of the same—is unfair and unconscionable as it makes Plaintiffs and Class Members believe that the proofs of claims were for valid, collectable debts, capable of lawful collection through the bankruptcy courts and process.

97.     Further, the act of filing proofs of claim that do not advise Plaintiffs and Class Members of the "last activity date" or "last payment date", despite such information being a required reporting item by the Fair Credit Reporting Act and being readily available, is an unfair means of collecting a debt.

98.     Any debts collected from Plaintiffs and Class Members, individuals that Defendants knew were already behind on payments and in financially vulnerable positions, were amounts that were erroneous, unlawful and not otherwise permitted by law.

99.     As a direct and proximate result of Defendants' actions, Plaintiffs and Class Members have sustained damages as defined by and provided for under 15 United States Code, Section 1692k; Sub-Class Members have also incurred actual damages from paying such unlawful Debts and/or incurring costs and legal fees to deal with such unlawfully filed proofs of claims in their respective bankruptcy cases.

## COUNT THREE
## DECLARATORY RELIEF FOR
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

100.    Plaintiffs re-allege paragraphs one (1) through eighty-six (86), as if fully restated herein and further state as follows:

101.    Plaintiffs, for themselves and Class Members, seek a determination as to the rights, status, and legal relationships of the parties relating to Defendants' practices in utilizing communications in the form of proofs of claim, exemplars of which have been attached as exhibits hereto, filed in bankruptcy proceedings for the purpose of attempting to collect consumer debts past the applicable statutes of limitations for those debts.

102.    This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes and under federal law.

103.    By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from the usage and effect of Defendants' proofs of claim on Plaintiffs and Class Members which:

a. attempt to collect debts through deceptive, false, and misleading representations or means by asserting due from Plaintiffs and Class Members debts that are barred from further collection through Florida courts (i.e., beyond the applicable statute of limitations) at the time the proofs of claim were filed and served;

b. misrepresents the amount of debts allegedly owed; and

c. demands payment of debts in an unauthorized amount.

104. Debt collection of this type is unlawful and violates the Fair Debt Collection Practices Act.

105. For the protection of Florida's residents and consumer debtors who may be subject to the same improper debt collection practices in the future, declaratory relief regarding Defendants' conduct set forth herein is appropriate and required.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' actions and conduct, Plaintiffs and Class Members respectfully request relief and a judgment:

a. Determining that this lawsuit is properly maintainable as a class action, certifying Plaintiffs as representatives of the Classes, certifying the Classes requested herein, and appointing undersigned counsel as attorneys for the Classes;

b. Determining that communications and means to attempt to collect debts, such as the proofs of claim, violate the FDCPA;

c. Determining that the Defendants violated the FDCPA;

d. Awarding maximum statutory damages allowed under the FDCPA to the Class;

e. Awarding actual damages allowed under the FDCPA to the Sub-Class;

21

f.      Awarding Plaintiffs an incentive award for serving these Classes and this class action;

g.      Awarding Plaintiffs and Class Members attorneys' fees and costs; and

h.      Granting such relief the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs and Class Members hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiffs and Class Members hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENLAW**

**J. Andrew Meyer, Esq., FBN 0056766**
**Ian R. Leavengood, Esq., FBN 0010167**
**Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
ameyer@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiffs and Class Members*