UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS and BEVERLY HANSEN, and
AMY LYNN MULLINS, *on behalf of
themselves and all others similarly situated,*

    **Plaintiffs,**

v.                                        Case No: 8:15-cv-00426-27TBM

RESURGENT CAPITAL SERVICES, L.P.,
PYOD, LLC, *and* LVNV FUNDING, LLC

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss (Dkt. 10) and Plaintiffs' opposition (Dkt. 16). Upon consideration, Defendants' Motion to Dismiss (Dkt. 10) is GRANTED. Plaintiffs' FDCPA claims are barred by the statute of limitations.

**I. BACKGROUND**

This action arises from Defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*[1] In 2012, Plaintiffs Beverly[2] and Thomas Hansen filed for protection under Chapter 13 of the Bankruptcy Act, and in 2013, Plaintiff Mullins filed for Chapter 13 protection (Dkt. 1, ¶¶ 17, 35). On January 28, 2013, PYOD, through Resurgent, filed a proof of

---

[1] Defendant Resurgent is a debt collector who regularly attempts to collect debts (Dkt. 1, ¶ 7). Defendant PYOD purchases defaulted consumer debts from creditors (*id.*, ¶ 10). Defendant LVNV purchases defaulted consumer debt from creditors and debt buyers and outsources the management and collection of the debt to Resurgent (*id.*, ¶ 12).

[2] The style of the case identifies Plaintiff as "Beverly Hansen." An alternate spelling, "Beverely Hansen," is found in the Plaintiffs' Complaint. *See* Dkt. 1, ¶ 4.

claim in the Hansen bankruptcy for a debt due on a credit card. (*id.*, ¶¶ 18, 19).[3] The Hansens objected to the proof of claim on the basis that the statute of limitations had expired on the underlying debt (*id.*, ¶ 27). On September 24, 2014, the bankruptcy court sustained the objection (*id.*, ¶ 28). In Mullins' bankruptcy, Resurgent filed two proofs of claim. The first was filed on October 11, 2013 on a credit card debt, and the second was filed on October 14, 2013 on a different debt. (*id.*, ¶¶ 36-37, 53-54). Like the Hansens, Mullins objected to the proofs of claim on the basis that the statute of limitations had expired on the underlying debts (*id.*, ¶¶ 45, 62). On February 28, 2014, the bankruptcy court sustained her objections (*id.*, ¶¶ 46, 63).

On February 27, 2015, Plaintiffs filed this FDCPA action, alleging that the filing of the proofs of claim on time barred debts violated the FDCPA (*id.*, ¶ 88).[4] Specifically, Plaintiffs allege violations of 15 U.S.C. §1692e, §1692e(2)(A), and §1692e(10), which prohibit the use of "false, deceptive, or misleading means or representations in attempting to collect the consumer debts" (*id.*, ¶ 88). There is support for Plaintiffs' theory of FDCPA liability. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014) (filing of a time-barred proof of claim creates a misleading impression to the debtor that the debt collector can legally enforce the debt and therefore constitutes a violation of the FDCPA.).

## II.  STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and

---

[3] Although Resurgent filed the proof of claim, it did so on behalf of LVNV Funding. LVNV Funding purchases defaulted consumer debt owned by credit grantors and debt buyers, and outsources the management and collection of these purchased debts to Resurgent (Dkt. 1, ¶ 12). PYOD is a sister organization under common ownership and control of Sherman Financial Group, LLC, Sherman Acquisition, and LVNV Funding, LLC (*id.*, 10).

[4] The proofs of claim are attached to Plaintiffs' Complaint as Exhibits A, C, and E and therefore may be considered in resolving the motion to dismiss. *Brown v. One Beacon Ins. Co. Inc.*, 317 F. App'x 915, 917 (11th Cir. 2009).

plain statement of his claim sufficient to demonstrate an entitlement to relief and to give fair notice of the grounds on which the claim rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (quoting *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

## III. DISCUSSION

Defendants contend that Plaintiffs' FDCPA claims are barred by the one year statute of limitations applicable to such claims because this action was filed more than a year after the proofs of claim were filed (Dkt. 10, 6). Plaintiffs contend that the pendency of the proofs of claim in the bankruptcy proceeding constituted continuing FDCPA violations and that the limitations period did not begin to run until the bankruptcy judge sustained their objections (Dkt 16, 4).

Defendants are correct that the one year statute of limitations on a FDCPA claim begins to run on the date of the alleged violation. A FDCPA action must be brought "within one year from the date on which the violation occurs" and the limitations period begins to run on the day after the violation occurred. 15 U.S.C. §1692k(d); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995). And Defendants correctly contend that the filing of a proof of claim on an otherwise time-barred debt constitutes a violation of the FDCPA. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014 ) (filing of a time-barred proof of claim creates a misleading impression to the debtor that the debt collector can legally enforce the debt and therefore constitutes a violation of the FDCPA.). Accordingly, the violations of the FDCPA alleged in this case occurred when the proofs of claim were filed, not when the bankruptcy judge sustained Plaintiffs' objections, and the limitations period

began to run on the day after the proofs of claim were filed.

It is apparent from the face of the Complaint that Plaintiffs' FDCPA claims are time-barred. Defendants filed the Hansen proof of claim on January 28, 2013. The Mullins proofs of claim were filed on October 11, 2013 and October 14, 2013. This action was filed on February 27, 2015, more than a year later.

Plaintiffs contend that the pendency of the proofs of claim constituted continuing FDCPA violations. This contention is unavailing. The cases Plaintiffs rely on are distinguishable. Those cases involve patterns of conduct or discrete acts, rather than the filing of a proof of claim. For example, in *Joseph v. J.J. MacIntyre Cos.*, a pattern of repeated calls to the plaintiff was found to constitute a continuing pattern and course of conduct justifying application of the continuing violation doctrine to the plaintiff's FDCPA claim. 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003). Specifically, the court reasoned: "If there is a pattern, then the [FDCPA] suit is timely if the 'action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA,' and the entire course of conduct is at issue." *Id.* (quoting *Padilla v. Payco General American Credits, Inc.*, 161 F. Supp. 2d 264, 273 (S.D.N.Y. 2001). *See also Hockenhull v. Law Office Howard Lee Schiff, P.C.*, No. 12-415 S, 2012 WL 6525504, at *2 (D.R.I. Dec. 13, 2012) (repeated harassing telephone calls constituted a continuing pattern of conduct under the FDCPA and warranted application of the continuing violation doctrine); *Devlin v. Law Office Howard Lee Schiff, P.C.*, Civ. No. 11-11902-JGD, 2012 WL 4469139, at *3 (D. Mass. Sept. 25, 2012) (repeated occurrences of collection letters sent to plaintiff viewed either as a continuing pattern of wrongdoing or separate, discrete acts that began a new FDCPA limitations period).

Unlike those cases, the FDCPA violations alleged here, the filing of proofs of claim on time-

barred debt, do not involve repeated conduct. The individual filings triggered the FDCPA limitations period. *See Kline v. Mortgage Elec. Sec. Sys.*, 659 F. Supp. 2d 940, 951-52 (S.D. Ohio 2009) (plaintiff's FDCPA claim was time-barred to the extent it was filed more than one year after the debt collector filed a proof of claim); *In re Simmerman*, 463 B.R. 47, 64 (Bankr. S.D. Ohio 2011) (concluding an FDCPA action is time-barred "when based on the debt collector's filing of a proof of claim that occurred more than one year before the FDCPA lawsuit was filed unless additional conduct occurred after the proof of claim filing.").

An analogous contention that maintaining a lawsuit constitutes a continuing violation of the FDCPA has been rejected. *See Naas v. Stolman*, 130 F.3d 892, 892-93 (9th Cir. 1997) (statute of limitations for FDCPA claim began when the debt collection lawsuit was filed because "filing a complaint is the debt collector's last opportunity to comply with the [FDCPA]."); *Zenon v. Palisades Collection, LLC*, No. 8:07-cv-2198-T-30-MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) ("The alleged misconduct . . . and the misrepresentation of Plaintiff's debt culminated in the filing of the lawsuit. The one year limitation period began [to] run when the lawsuit was filed."). *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 341 (D.N.J. 2009) ("The course of litigation is not, in itself, a 'continuing violation' of the FDCPA."); *Kimmel v. Phelan Hallinan & Schmieg, P.C.*, 847 F. Supp. 2d 753, 767 (E.D. Pa. 2012) ("[p]articipation in debt collection litigation does not qualify as a continuing violation under the FDCPA."); *Matthews v. Capital One Bank*, No. 1:07-cv-1220-DFH-TAB, 2008 WL 4724277, at *3 (S.D. Ind. Oct. 24, 2008) ("If the only alleged violations of the FDCPA are the filing of the lawsuits, the course of the lawsuits cannot be a continuing violation."); *Schaffhauser v. Burton Neil & Assocs.*, No. 1:05-cv-02075, 2008 WL 857523, at *3 (M.D. Pa. Mar. 27, 2008) ("For conduct during litigation to be actionable, a plaintiff must allege . . . that the conduct

is a violation of the FDCPA independent of the act of filing suit.").

The filing of a proof of claim is no different, for purposes of the FDCPA's statute of limitations, than the filing of a lawsuit. *See Crawford*, 758 F.3d at 1262 ("Just as LVNV would have violated the FDCPA by filing a lawsuit on stale claims in state court, LVNV violated the FDCPA by filing a stale claim in bankruptcy court."). I conclude, therefore, that the pendency of Defendants' proofs of claim did not constitute a continuing violation of the FDCPA.

## IV. CONCLUSION

It is apparent from the face of the Complaint that Plaintiffs' FDCPA claims are time-barred. The statute of limitations began to run on the filing of the proofs of claim in the Hansen and Mullins bankruptcy cases. This action was filed more than a year after the proofs of claim were filed. Plaintiffs' FDCPA claims are therefore time-barred. Accordingly, Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED** and the Complaint is **DISMISSED** with prejudice. The Clerk is directed to **CLOSE** this file.

**DONE AND ORDERED** this 10th day of June, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record